[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO REARGUE
On August 12, 1996 the court denied the plaintiff's (Phibro) application for temporary injunctive relief enjoining the CT Page 7408 defendant (Term) from arbitrating (under Rule 6) a dispute over the plaintiff's performance as a deliverer of 324,750 long tons of sugar. On August 30, 1996, the plaintiff filed a motion to reargue and on November 18, 1996 the court entertained the oral arguments and reviewed briefs. At the close of the arguments, the court requested proposed orders which were received together with the plaintiff's letter of November 22, 1996 and defendant's letter of November 25, 1996. The panel having been requested for an articulated decision (under Rule 6) determined:
 "That any commitment by it to render an award in a certain form is premature" and that "any award rendered will be based on the evidence received and both the panel's decision and the form in which it will be set forth will be determined at the conclusion of the hearing".
The plaintiff now requests that since the panel has not agreed to an articulated decision, that the court enter the following order:
 "Ordered that, until further order of the court, the defendant, Term Commodities, Inc. ("Term"), is enjoined from (1) making any claim or challenge to Phibro's performance, occurring on or before June 12, 1995 (the date of the Sugar Delivery Panel's Award), as a Deliverer under 6,495 May 1995 Sugar No. 11 Contracts on the New York Coffee, Sugar Cocoa Exchange (the "May 1995 Contracts"); (2) making any claim or challenge to Phibro's determinations, made prior to June 12, 1995, that the Port of Santos, Brazil was to be the delivery port for the May 1995 Contracts and that Term's vessels were to be loaded in turn at a single berth at Santos or any other issue actually litigated in the parties' prior arbitration; and (3) offering any evidence of any action taken or not taken by Phibro, or any agent of Phibro, including without limitation evidence of Phibro's preparations, on or before June 12, 1995 in support of any claim that Phibro did not meet its prompt berthing and loading obligations under the May 1995 Contracts."
Under Rule 11 a prior panel had determined that "Phibro has not as of this date (June 12, 1995) failed to perform its obligations as a Deliverer under Sugar No 11 Rule 11. 10(2)(A).
In the court's decision of August 12, 1996 at page 6, the CT Page 7409 court stated:
 "At the time of June 12, 1995, the transaction was not completed. The ultimate essential facts which must be considered during the present arbitration (Rule 6) were events from June 5 to September 18, 1995. Until there is a transcript and an articulated decision for any award under Rule 6 neither res judicata or collateral estoppel can be found to be controlling".
The plaintiff (Phibro) claims that the court should grant their request for a preclusion order as just quoted.
The defendant (Term) requested that no orders or injunctive relief be granted, that all questions concerning the preclusive effect of the June 12, 1995 arbitration award (Rule 11) be submitted and be resolved by the arbitrators in the pending arbitration (Rule 6). The defendant also claimed that if no articulated award is rendered the plaintiff will still have an adequate remedy at law . . . the judicial procedure to confirm or vacate the award.
The court believes that since the defendant will attempt to offer evidence prior to June 12, 1995, that the panel should articulate its award as it relates to the preclusive effect of the June 12, 1995 and if the court had jurisdiction, which it doesn't, it would order the panel to do so in order to prevent inconsistent judgments which undermines the integrity of the judiciary.
 "The conservation of judicial resources is of paramount importance as our trial dockets are deluged with new cases daily. We further emphasize that where a party has fully and fairly litigated his claims, he may be barred from future actions on matters not raised in the prior proceeding. But the scope of matters precluded necessarily depends on what has occurred in the former adjudication.'. . . State v. Ellis, 197 Conn. 436, 465-67, 497 A.2d 974 (1985)." (Emphasis added.) Delahunty v. Massachusetts Mutual Life Ins. Co., 236 Conn. 582, 589-92, 674 A.2d 1290 (1996). Fink v. Golenbock, 238 Conn. 183, 193."
The court at this time has no basis to assert that the arbitrators will fail to consider its request and therefore cannot presently find that any irreparable harm exists that would CT Page 7410 justify temporary injunctive relief.
Since the court has already in its decision of August 12, 1996 concluded that the plaintiff's preclusion claim must at least in the first instance be submitted to the arbitrators and that the plaintiff has an adequate remedy at law (see Fink v.Golenbock, supra, (in general), the court must deny the plaintiff's requested orders. Of course the plaintiff is free to raise the defense of issue preclusion before the panel and if evidence is received concerning events prior to June 12, 1995 it is reasonable to conclude that the panel will honor the court's request. The motion was granted but the relief requested is denied.
RYAN, J.